David H. Bernstein (dhbernstein@debevoise.com)
Katherine L. Kriegman (klkriegm@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6696

*Attorneys for Plaintiff McKinsey & Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
McKINSEY & COMPANY, INC.,                                    :
                                                             :          No. 12 Civ. 2398 (PGG)
                                  Plaintiff,                 :
                                                             :
        -against-                                            :          **VERIFIED COMPLAINT**
                                                             :
McKINSEY & COMPANY GLOBAL                                    :
HOLDINGS INC. and DOES 1-20,                                 :
                                                             :
                                  Defendants.                :
                                                             :
-------------------------------------------------------------x

        Plaintiff McKinsey & Company, Inc. ("McKinsey & Company"), by its attorneys,

Debevoise & Plimpton LLP, alleges as follows for its Complaint:


### NATURE OF THE ACTION AND RELIEF SOUGHT

        1.      This is an action for trademark dilution, trademark infringement, and

deceptive acts and practices arising out of defendants' registration of the corporate name

McKinsey & Company Global Holdings Inc. ("MCGH").  Although, McKinsey &

Company is not yet aware of any public operations by defendants, on information and

belief, any use defendants have made or intend to make of the MCGH corporate name

will necessarily dilute and infringe McKinsey & Company's trademarks.  On information

and belief, by incorporating MCGH with a name that slavishly copies, in its entirety, the

famous McKINSEY & COMPANY trademark, defendants have embarked on a scheme

to deceive consumers into believing that MCGH is associated or affiliated with the well-

known global management consulting firm McKinsey & Company.  McKinsey &

Company brings this action to enjoin defendants from any use they might make of the

MCGH name and mark, and to require that defendants change their corporate name.

## THE PARTIES

2.       McKinsey & Company is a corporation organized and existing under the

laws of the State of New York, with a principal place of business located at 55 East 52nd

Street, New York, New York, 10022, in this District.

3.       On information and belief, defendant MCGH is a corporation organized

and existing under the laws of the State of Delaware.  Its registered office is located care

of 2711 Centerville Road, Suite 4000, Wilmington, Delaware 19808.  Its registered agent,

which is located at that address, is The Company Corporation.

4.       On information and belief, Does 1 through 20 are corporations,

partnerships, other business entities, or individuals that are legally responsible and liable

for the acts, omissions, and events referred to in this Complaint, including the registration

of the corporate name MCGH.  As of the date of this Complaint, McKinsey & Company

does not know the true names and capacities of defendants sued herein as Does 1 through

20, and therefore sues said defendants under such fictitious names.  McKinsey &

Company will amend or, as appropriate, seek leave to amend this Complaint to allege the

Doe defendants' true names and capacities when the same have been ascertained.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the subject matter of this lawsuit

pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 and has supplemental

jurisdiction pursuant to 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over defendants pursuant to N.Y. Civ.

Prac. L. & R. § 302(a).  Upon information and belief, defendants have wrongfully caused

injury to McKinsey & Company in the State of New York, its principal place of business,

such injury being reasonably foreseeable.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events giving rise to the claim occurred in this District.

## THE McKINSEY MARKS

8.      McKinsey & Company was founded in 1926 and is, today, the world's

most famous and well known global management consulting firm.  McKinsey &

Company has diligently cultivated a reputation as a premier provider of business advice

and information.  Its primary clientele are senior management of large, often global

organizations; in fact, McKinsey & Company serves two-thirds of the Fortune 1000.  The

firm's wide global span and extensive business expertise has consistently kept it at the

forefront of the management consulting field.  McKinsey & Company's reach covers

every continent across the globe, with ninety-eight offices in more than fifty countries.

Its business expertise ranges from aerospace and defense, to healthcare systems and

services, to media and entertainment.  McKinsey & Company has been the subject of

extensive media and press coverage throughout the United States and globally due to its

position as the world's most prestigious management consulting firm.  A small sample of

this coverage is attached as Exhibit A.

9.      McKinsey & Company's subsidiary, McKinsey Holdings, Inc., owns a

number of trademarks that are registered with the United States Patent & Trademark

Office ("USPTO"), including McKINSEY (Reg. No. 1,965,376) and McKINSEY &

COMPANY (Reg. No. 1,966,624) (together, the "McKINSEY Marks"), both of which

are used in connection with, *inter alia*, business management consultation services,

financial analysis and consultation services, and publications featuring management and

management consultation.  Both Marks are licensed by McKinsey Holdings, Inc. to its

parent, McKinsey & Company, for the latter's use.  Copies of these trademark

registrations, each of which is incontestable, are attached hereto as Exhibit B.

10.     The McKINSEY Marks have been used for more than eighty years and are

among the most famous trademarks in the global management consulting field.  The

McKINSEY Marks have always been synonymous with exceptional business advice and

4

strategy consulting services for senior management of large companies.  The McKINSEY

Marks therefore have become famous and distinctive.

**DEFENDANTS' IMPROPER REGISTRATION**

11.     On information and belief, on or about June 7, 2011, defendants

incorporated in Delaware under the corporate name "McKinsey & Company Global

Holdings Inc."  A copy of the Certificate of Incorporation, as filed with the Secretary of

State of Delaware, is attached hereto as Exhibit C.

12.     The MCGH name wholly incorporates McKinsey & Company's famous

McKINSEY Marks, with the only difference being the addition of the words "Global

Holdings Inc."  Given the fame and distinctiveness of the McKINSEY Marks, MCGH's

corporate name will inevitably confuse consumers and deceive them into believing that

MCGH is affiliated with McKinsey & Company.  That confusion is likely to be

exacerbated by MCGH's use of the additional words "Global Holdings" which will

further suggest that MCGH is a global corporation – like McKinsey & Company – and

that this corporation is a holding company for certain corporate assets (a structure

McKinsey & Company also uses through McKinsey Holdings, Inc.).

13.     McKinsey & Company is not yet aware of any use by defendants of the

MCGH name.  McKinsey & Company has tried through a number of channels to obtain

information about the principals behind MCGH, their intentions with this name, any

business conducted by MCGH, and any use by MCGH of the MCGH or McKINSEY

names.  McKinsey & Company engaged private investigators to try to uncover information about MCGH and its operations, but its investigators were unable to learn anything beyond the information in the Certificate of Incorporation.  McKinsey & Company thereafter wrote to MCGH, care of its registered agent, and demanded that MCGH amend its corporate name to one that does not include the McKINSEY Marks or anything confusingly similar; as of the date of this Complaint, MCGH has not responded. A copy of McKinsey & Company's letter is attached hereto as Exhibit D.

14.     McKinsey & Company also communicated with MCGH's registered agent, The Company Corporation.  Mark Radel of The Company Corporation confirmed that The Company Corporation had forwarded McKinsey & Company's letter on to the principals of MCGH, indicated that MCGH has not authorized The Company Corporation to disclose any information about MCGH or its principals, and stated that The Company Corporation could not disclose any information about MCGH unless The Company Corporation were compelled to do so by legal process.

15.     Finally, McKinsey & Company attempted to obtain MCGH's annual franchise tax report, which was due to have been filed with the State of Delaware by March 1, 2012 and which would have included, among other things, the names of all of the company's directors.  *See* Del. Gen. Corp. Law § 502.  MCGH has not, however, filed its franchise tax report, and is therefore delinquent and no longer in good standing as a corporation.  A report from the Delaware Department of State is attached hereto as

Exhibit E.  The facts that MCGH is in default of its reporting obligations to the State of

Delaware and that MCGH has steadfastly refused to respond to McKinsey & Company's

letter (even if only to indicate its claimed basis or justification for incorporating under

this name), supports an inference that defendants have no compunction about

disregarding the law and that they intend to use (or perhaps already are using) the MCGH

corporate name for nefarious purposes, including potentially a scheme to defraud

consumers into believing that MCGH is affiliated with McKinsey & Company.

**COUNT I: TRADEMARK DILUTION**
**UNDER SECTION 43(c) OF THE LANHAM ACT**

16.     McKinsey & Company repeats and realleges each and every allegation in

the foregoing paragraphs as if fully set forth herein.

17.     The McKINSEY Marks are famous and distinctive and are widely

recognized by the general public and the corporate community.  Among other things:

(a) the McKINSEY Marks have been used widely throughout the United States and the

world and have been the subject of extensive media coverage for many decades; (b)

McKinsey & Company offers client services under the McKinsey Marks to many of the

world's leading companies in more than fifty countries, and has nearly one hundred

offices worldwide, and has provided in excess of a billion dollars of services under the

McKinsey Marks; (c) McKinsey & Company has continuously been the subject of

extensive media coverage for its premier position in the management consulting field,

which shows the extent of actual recognition of the McKINSEY Marks; and (d) the

McKINSEY Marks are registered in the USPTO and have been used continuously for over eight decades of operation.  *See* 15 U.S.C. § 1125(c)(2)(A).

18.     Defendants incorporated in Delaware on June 7, 2011, and registered the corporation name "McKinsey & Company Global Holdings Inc.," long after the McKINSEY Marks had already reached a high degree of recognition with the general public.

19.     Defendants' conduct, described above, blurs and impairs the distinctiveness of the McKINSEY Marks because: (a) defendants have registered a corporation name that is virtually identical to, and wholly incorporates, the McKINSEY Marks; (b) the McKINSEY Marks have acquired a high degree of distinctiveness; (c) McKinsey & Company and its affiliates engage in exclusive use of the McKINSEY Marks; (d) the McKINSEY Marks have a high degree of recognition among the general public of the United States; and (e) on information and belief, defendants intended to create an association between the MCGH corporation name and McKinsey & Company. *See* 15 U.S.C. § 1125(c)(2)(B).

20.     Accordingly, defendants' conduct as described above is likely to cause dilution by blurring, and does, in fact, dilute and detract from the distinctiveness of the famous McKINSEY Marks, with consequent damage to McKinsey & Company, and to the substantial business and goodwill symbolized by said Marks, in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

21.     By reason of the foregoing, McKinsey & Company is entitled to injunctive relief against any use by defendants of the MCGH name and to an injunction requiring defendants to change their name to one not similar to McKinsey & Company's name, and to monetary damages and attorneys fees against defendants on account of their willful misconduct in registering the MCGH corporate name.

## COUNT II: TRADEMARK INFRINGEMENT
## UNDER SECTION 32 OF THE LANHAM ACT

22.     McKinsey & Company repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

23.     Defendants' actions, detailed above, suggests that the defendants have little regard for the law, and either intend to use, or already are using, the MCGH name to defraud consumers as to the source, origin, or sponsorship of their services.

24.     Defendants' conduct, described above, is likely to confuse consumers into believing that MCGH is McKinsey & Company, or is associated or affiliated with McKinsey & Company, or is using the McKINSEY Marks and the McKinsey & Company name with the approval of McKinsey & Company, with consequent damage to McKinsey & Company and to the substantial business and goodwill symbolized by said Marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25.     By reason of the foregoing, McKinsey & Company is entitled to injunctive relief against any use by defendants of the MCGH name and to an injunction requiring

defendants to change their name to one not confusingly similar to McKinsey &

Company's name, and to monetary damages and attorneys' fees against defendants on

account of their willful misconduct in registering the MCGH corporate name.

## COUNT III: TRADEMARK INFRINGEMENT
## UNDER SECTION 43(a) OF THE LANHAM ACT

26.      McKinsey & Company repeats and realleges each and every allegation in

the foregoing paragraphs as if fully set forth herein.

27.      Defendants' conduct, described above, is likely to confuse consumers into

believing that MCGH is McKinsey & Company, or is associated or affiliated with

McKinsey & Company, or is using the McKINSEY Marks and the McKinsey &

Company name with the approval of McKinsey & Company, with consequent damage to

McKinsey & Company and to the substantial business and goodwill symbolized by said

marks, in violation of the Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28.      By reason of the foregoing, McKinsey & Company is entitled to injunctive

relief against any use by defendants of the MCGH name and to an injunction requiring

defendants to change their name to one not confusingly similar to McKinsey &

Company's name, and to monetary damages and attorneys' fees against defendants on

account of their willful misconduct in registering the MCGH corporate name.

## COUNT IV: TRADEMARK DILUTION
## UNDER STATE LAW

29.     McKinsey & Company repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

30.     The defendants' use of the corporation name "McKinsey & Company Global Holdings Inc." is likely to dilute and detract from the distinctiveness of the McKINSEY Marks, including in the State of New York where McKinsey & Company is headquartered.

31.     The acts of the defendants as described above constitutes trademark dilution in violation of N.Y. Gen. Bus. Law § 360-l and the dilution statutes of the other states in which defendants are operating or intend to operate.

## COUNT V: DECEPTIVE ACTS AND
## PRACTICES UNDER STATE LAW

32.     McKinsey & Company repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

33.     The acts of the defendants as described above constitutes deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349-50 and the uniform deceptive acts and practices statutes of the other states in which defendants are operating or intend to operate.

11

**PRAYER FOR RELIEF**

WHEREFORE, McKinsey & Company respectfully prays:

1.        That defendants, and all those in active concert or participation with them (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and contracting parties) be temporarily, preliminarily and then permanently enjoined and restrained:

a)        From using in connection with any goods or services the MCGH corporation name, the McKINSEY Marks, any colorable imitation of the McKINSEY Marks, and any thing or mark confusingly similar thereto or likely to cause dilution of the distinctiveness of the McKINSEY Marks or injury to McKinsey & Company's business reputation;

b)        From representing by any means whatsoever, directly or indirectly, that any services offered by defendants are McKinsey & Company's services, and from otherwise taking any other action likely to cause confusion, mistake or deception on the part of purchasers or consumers as to the origin or sponsorship of such services; and

c)        From doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers into the belief that defendants' services come from or are the services

of McKinsey & Company, or are somehow sponsored or underwritten by, or affiliated with, McKinsey & Company, and from otherwise unfairly competing with McKinsey & Company or misappropriating that which rightfully belongs to McKinsey & Company.

2.      That defendants, and all those in active concert or participation with them (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and contracting parties) take affirmative steps to dispel such false impression that heretofore have been created by any use they have made of the MCGH name.

3.      That defendants be required to change the corporate name of "McKinsey Global Holdings Inc." to a name that does not use the McKINSEY Marks, or any colorable imitation of the McKINSEY Marks, or anything or mark confusingly similar thereto or likely to cause dilution of the distinctiveness of the McKINSEY Marks or injury to McKinsey & Company's business reputation.

4.      That defendants account to McKinsey & Company for defendants' profits and any damages sustained by McKinsey & Company, to the extent calculable, arising from the foregoing acts of trademark dilution, infringement and deceptive acts and practices.

14

5.     That, in accordance with such accounting, McKinsey & Company be awarded judgment for three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h).

6.     That McKinsey & Company have and recover its costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h).

7.     That defendants file with the Court and serve on counsel for McKinsey & Company within thirty (30) days after entry of an injunction issued by the Court in the action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which defendants have complied with any injunction to which the Court may enter in this action.

8.      That McKinsey & Company have such other and further relief as the

Court may deem just and proper.

Dated:  New York, New York
        March 30, 2012

                              Respectfully submitted,

                              DEBEVOISE & PLIMPTON LLP


                              By: /s/ David Bernstein
                                 David Bernstein
                                 (dhbernstein@debevoise.com)
                                 Katherine L. Kriegman
                                 (klkriegm@debevoise.com)
                              919 Third Avenue
                              New York, New York  10022
                              (212) 909-6696

                              Attorneys for Plaintiff McKinsey & Company, Inc.

## VERIFICATION

STATE OF _New York_        )
                           ) SS:
COUNTY OF _New York_       )

I, _David Saltzman_, am _Associate General Counsel_ of Plaintiff McKinsey & Company, Inc. in the within entitled action. I have read the foregoing Verified Complaint and know the contents thereof. The contents of the Complaint are true to my own knowledge with respect to my own acts and deeds, and true to the best of my knowledge, information and belief with respect to all other matters alleged therein.

( )

Sworn to before me this
_30_ day of March, 2012

NOTARY PUBLIC
My commission expires on:

Jonathan Slonim
Notary Public, State of New York
No. 02SL6198739
Qualified in New York County
Commission Expires January 5, 2013