```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/6/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

McKINSEY & COMPANY, INC,

    Plaintiff,          12 CIV. 02398 (PGG)

    v.             ECF CASE

McKINSEY & COMPANY GLOBAL HOLDINGS INC.,  **ORDER TO SHOW CAUSE**
THE NATIONAL COUNCIL OF BUSINESS      **FOR DEFAULT JUDGMENT**
ACCREDITATION, ANDREW W. WHITAKER,
JULEANNE BROOKS, and DOES 4-20,

    Defendants.

------------------------------------------------------- x

  WHEREAS this trademark action was commenced by McKinsey & Company, Inc. ("McKinsey & Company") on March 30, 2012 against defendant McKinsey & Company Global Holdings Inc. ("MCGH") and other unidentified defendants; and

  WHEREAS McKinsey & Company filed an amended complaint on May 14, 2012 against defendants including The National Council of Business Accreditation ("NCBA"), Andrew W. Whitaker, and Juleanne Brooks (together, "Defaulting Defendants"); and

  WHEREAS the First Amended Complaint alleges that Defaulting Defendants engaged in trademark dilution and infringement, cyberpiracy, and deceptive acts and practices under federal and New York law through their corporate registration of McKinsey & Company Global Holdings Inc. ("MCGH"), their registration of the domain name mckinseyholdings.com, and their use of the McKINSEY mark; and

WHEREAS a copy of the Summons and First Amended Complaint was served via personal service on Andrew W. Whitaker on May 14, 2012 and on Juleanne Brooks on May 15, 2012, and by service pursuant to BCL § 307 on NCBA on May 22, 2012; and

WHEREAS Defaulting Defendants have failed to answer the First Amended Complaint; and

WHEREAS the Clerk of the Court issued Certificates of Default against each of the Defaulting Defendants on June 15, 2012.

NOW THEREFORE, it is ORDERED that the Defaulting Defendants show cause before the Honorable Paul Gardephe, United States District Judge, at Courtroom 6B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York on July 18, 2012 at 2:15 p.m., or as soon thereafter as counsel can be heard, why an order should not issue granting Plaintiff the following relief:

1. That Defaulting Defendants and all parties in active concert or participation with them are permanently enjoined and restrained from any use of the McKINSEY mark, any colorable imitation of the McKINSEY mark, and any thing or mark confusingly similar thereto or likely to cause dilution of the distinctiveness of the McKINSEY mark or injury to McKinsey & Company's business reputation;

2. That Defaulting Defendants, and all parties in active concert or participation with them, are permanently enjoined from representing by any means whatsoever, directly or indirectly, that any services offered by them or by MCGH are McKinsey & Company's services, and from otherwise taking any other action likely to cause confusion, mistake or deception on the part of purchasers or consumers as to the origin or sponsorship of such services;

3. That Defaulting Defendants and all parties in active concert or participation with them, are permanently enjoined from doing things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers into the belief that defendants' services come from or are the services of McKinsey & Company, or are somehow sponsored or underwritten by, or affiliated with McKinsey & Company, and from otherwise unfairly competing

      with McKinsey & Company or misappropriating that which rightfully belongs to McKinsey & Company;

4. That Defaulting Defendants and all parties in active concert or participation with them, take affirmative steps to dispel any false impressions that heretofore have been created by any use they have made of the MCGH name, the McKINSEY trademark, and the mckinseyholdings.com domain name;

5. That Defaulting Defendants and all parties in active concert or participation with them, take all steps necessary to change the corporate name of MCGH to a name that does not use the McKINSEY mark or any colorable imitation of the McKINSEY mark, or anything or mark confusingly similar thereto or likely to cause dilution of the distinctiveness of the McKINSEY mark or injury to McKinsey & Company's business reputation, or to dissolve MCGH;

6. That defendants transfer the domain name mckinseyholdings.com to McKinsey & Company;

7. That McKinsey & Company be awarded judgment for statutory damages pursuant to 15 U.S.C. § 1117(d);

8. That McKinsey & Company have and recover its costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h); and

9. That Defaulting Defendants shall file with the Court and serve on counsel for McKinsey & Company within thirty (30) days after entry of this Order, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defaulting Defendants have complied with the Order

      IT IS FURTHER ORDERED, that McKinsey & Company shall serve a copy of this Order, along with the papers upon which it was granted, on Defaulting Defendants by mailing a copy by overnight courier to each of the Defaulting Defendants on or before 8:30 p.m. on July 5, 2012, and that McKinsey & Company shall contemporaneously mail a courtesy copy of its cover letter to the Chambers. Any opposition papers will be submitted to Plaintiff and to the Court by 5:00 p.m. on July 13, 2012.

Dated: New York, New York       SO ORDERED.
      July 5, 2012

*[signature]*
Paul G. Gardephe
United States District Judge